# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br> v. <br><br> **LEONDRE PATTON** | **ORDER OF DETENTION PENDING REVOCATION HEARING** <br><br> Case Number: **1:07-mj-44** |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I – Findings of Fact

☐ (1)   The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐   a crime of violence as defined in 18 U.S.C.§3156(a)(4).

  ☐   an offense for which the maximum sentence is life imprisonment or death.

  ☐   an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

  ☐   a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2)   The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3)   A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4)   Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

## Alternate Findings (A)

☐ (1)   There is probable cause to believe that the defendant has committed an offense

  ☐   for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐   under 18 U.S.C.§924(c).

☐ (2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## Alternate Findings (B)

☐ (1)   There is a serious risk that the defendant will not appear.

☒ (2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant has been indicted for possessing heroin with the intent to distribute it (see Case 1:07cr157). Approximately 150 grams of heroin was involved and this occurred while defendant was on supervised release to the Eastern District of Michigan and was in this district without permission. According to the Pretrial Services Report and an earlier presentence report, it appears defendant was also on probation in 1993 when he was convicted of the cocaine conspiracy which resulted in his present (continued on attachment)

## Part II – Written Statement of Reasons for Detention

I do not find from the credible testimony and information submitted at the detention hearing that defendant has shown by clear and convincing evidence that he is not a danger to the community by his continued drug trafficking, although he is probably not a flight risk. Defendant's present possession of heroin (which he admitted at the scene) occurred in direct violation of the trust placed in him by the court in the Eastern District of Michigan, and it appears from the evidence that the same violation of trust occurred in 1993. Further, if the burden were on the government to show by clear and (continued on attachment)

## Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated:   June 25, 2007 _____

_____
*Signature of Judicial Officer*

Hugh W. Brenneman, Jr., United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Leondre Patton
1:07-mj-44
**ORDER OF DETENTION PENDING REVOCATION HEARING**
Page 2.

**Alternate Findings (B) - (continued)**

supervised release, although defense counsel questions that. If defendant was not on probation when he was involved in the cocaine conspiracy, the latter took place shortly thereafter. While on supervised release, the defendant has been gainfully employed, has not been involved in any other drug violations, and has reported as directed. Defendant has used at least one other alias, and he lived with his mother when the present offense occurred.

**Part II - Written Statement of Reasons for Detention - (continued)**

convincing evidence that there is no condition or combination of conditions that will assure the safety of the community from the defendant's continued drug trafficking (i.e., in regard to the new indictment in this district), I would find from the same evidence that defendant has failed to rebut the presumption that he is a danger to the community from his continued drug trafficking. And, alternatively, if the burden were on the government and the presumption had been rebutted in its entirety, I believe the government has shown by clear and convincing evidence today that there is no condition or combination of conditions that will assure the safety of the community from defendant's continued drug trafficking based on the fact that he has a continued history of drug trafficking even while under court supervision, and in this instance reaching into a district where he was not supposed to be.